114 F.3d 1198
 97 CJ C.A.R. 937
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerold G. CAUTHON, Plaintiff-Appellant,
v.
KANSAS PAROLE BOARD, Defendant-Appellee.
 No. 96-3276.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1997.
 
 Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 3
 Plaintiff Jerold G. Cauthon, appearing pro se and proceeding in forma pauperis, appeals the district court's dismissal of his § 1983 action as frivolous under 28 U.S.C. § 1915(d). We affirm.
 
 
 4
 Cauthon was convicted in Kansas state court in 1982 of aggravated robbery, two counts of arson, and illegal possession of a firearm. In 1987, he was convicted of aggravated escape from custody. His controlling sentence is 9 to 32 years. Although initially paroled on April 6, 1990, he subsequently violated the terms of his parole by leaving a drug treatment program without permission and failing to report to his parole officer as scheduled. The Kansas Parole Board revoked his parole in February 1993. He was reconsidered for parole in July 1993, December 1993, and July 1994, and was passed for future parole consideration on each occasion. Cauthon's next consideration for parole is scheduled for August 1997. On October 17, 1994, Cauthon filed this action against the Kansas Parole Board and Michael Nelson, Director of the El Dorado Correctional Facility where Cauthon is currently confined. Cauthon alleged the Parole Board violated his constitutional rights by denying reparole, and sought injunctive relief, declaratory relief, and compensatory damages.
 
 
 5
 After receiving requested Martinez reports from defendants, the district court dismissed the action as frivolous under § 1915(d) (now codified at 28 U.S.C. § 1915(e)(2)(B)(i)). The district court concluded (1) Cauthon's complaint failed to allege any personal participation on the part of Nelson sufficient to state a claim under § 1983; (2) the Parole Board members were absolutely immune from liability for actions taken in the performance of their official duties regarding the granting or denial of parole; and (3) Cauthon's requests for injunctive and declaratory relief were not cognizable under § 1983.
 
 
 6
 "Under § 1915(d), a district court may dismiss an in forma pauperis action as frivolous if the 'claim [is] based on an indisputably meritless legal theory' or if it is founded on 'clearly baseless' factual contentions." Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir.1997) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). In doing so, the district court may consider a Martinez report. Id. (citing Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991)).
 
 
 7
 We review the district court's § 1915(d) order of dismissal for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and affirm for substantially the same reasons set forth in its order.
 
 
 8
 AFFIRMED. This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3